# **EXHIBIT D**

Filed 10/8/2015 11:48:29 AM
Pamela Martin Hartgrove
District Clerk
Calhoun County, Texas

Leticia Garcia, Deputy

CAUSE NO. 15-10-2541

| | | |
|---|---|---|
| OSCAR CUMPIAN | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| vs. | § | CALHOUN COUNTY, TEXAS |
| | § | |
| ALCOA WORLD ALUMINA L.L.C., | § | |
| STEPHEN ALVARADO, AND | § | |
| PALACIOS MARINE & INDUSTRIAL | § | |
| COATINGS, INC. | § | |
| Defendant. | § | 24th  JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff Oscar Cumpian, complaining of Defendants Alcoa World Alumina L.L.C., Stephan Alvarado, and Palacios Marine & Industrial Coatings, Inc.(collectively "Defendants"), and support thereof, file this Original Petition and would respectfully show the Court as follows:

## I. DISCOVERY CONTROL PLAN

1.1 Plaintiff intends to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190.4.

## II. PARTIES

2.1 Plaintiff Oscar Cumpian is an individual who resides in the State of Texas.

2.2. Defendant Alcoa World Alumina L.L.C. ("Alcoa") is a Delaware Limited Liability Company with its principal place of business in Texas in Point Comfort, Calhoun County, Texas. This Defendant may be served with process by and through its registered agent, CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136.

2.3 Defendant Stephan Alvarado ("Alvarado") is a natural person and is a resident of the State of Texas. Alvarado may be served with process at his residence, 601 Quail Creek,

Victoria, Texas 77905, or wherever he may be found.

2.4 Defendant Palacios Marine & Industrial Coatings, Inc. ("Palacios") is a domestic corporation that may be served with process through its registered agent, The Chau Law Firm, P.C., 723 Main St., Ste. 1015, Houston, Texas 77002.

### III. VENUE & JURISDICTION

3.1 Venue is proper in Calhoun County, Texas by virtue of Section 15.002(a)(1), Texas Civil Practices and Remedies Code, because all or a substantial part of the events or omissions giving rise to the claims asserted herein occurred in Calhoun County, Texas.

3.2 Plaintiff contends that the jury is the sole decision maker on the amount of damages suffered by Plaintiff, but as required by Texas Rules of Civil Procedure 47, Plaintiff seeks monetary relief of greater than $1,000,000.

3.3 The Court has specific and general personal jurisdiction over all Defendants because they purposely availed themselves of the privilege of conducting activities with Texas and/or are residents of Texas; they have substantial and continuous contacts with the State of Texas, generally and with respect to this actions satisfy both general and specific minimum contact; and exercising jurisdiction over them does not offend the traditional notions of fair play and substantial justice.

3.4 Although Plaintiffs seek damages in an amount exceeding $75,000, federal courts lack jurisdiction over this suit. There is incomplete diversity of citizenship, and Plaintiffs claims raise no federal question. Plaintiff seeks no relief under a federal law, statute, regulation, treaty or constitution, nor do their rights to relief necessarily depend on the resolution of a substantial question of federal law. Thus, removal would be improper. Removal would also be improper due to the presence of one or more Defendants with Texas citizenship.

## IV. BACKGROUND FACTS

4.1 On or about August 6, 2014, Plaintiff and others were employed by a contractor, Turner Industries ("Turner") at the Alcoa World Alumina—Point Comfort facility in Point Comfort, Calhoun County, Texas. Alcoa controlled the manner in which Turner—including Plaintiff— performed their work. At the time of the incident, Alcoa employees, agents, or supervisors assigned to the Turner crew the task of changing a blind in a caustic tank. Defendant Alcoa's employees, agents or supervisors, including Alvarado, represented to Plaintiff and the Turner crew that the tank was properly isolated, drained, clear of all hazardous substances, and safe to work on. Defendant Alcoa's employees, agents or supervisors, including Alvarado, performed isolation and draining tasks for the safety and benefit of the Turner employees, including Plaintiff. Defendant Alcoa's employees, agents or supervisors, including Alvarado, allowed and/or instructed the Turner employees to remove the bolts from the tank to access the blind. The Turner employees and Plaintiff relied on the representations of Defendant Alcoa's employees, agents or supervisors, including Alvarado, the tank was drained, clear and safe to work on. Suddenly and without warning, as the blind was pulled out caustic liquor poured off the blind that the Turner employees were instructed to remove from the tank. The caustic liquor struck Plaintiff, severely burning his body.

4.2 On the occasion in question, Alvarado was acting in the course and scope of his employment with Alcoa.

4.3 Defendants Alcoa and Alvarado's negligence were a direct and proximate cause of Plaintiff's injuries and damages. Nothing Plaintiff did contributed to Plaintiff's injuries or damages. Plaintiff was not repairing or modifying the line at the time of the incident in question. Defendant Alcoa's employees, agents or supervisors, including Alvarado, knew of the danger in

the caustic line yet failed to warn Plaintiff and failed to make the condition reasonably safe.

4.4. Palacios is also a contractor that works at the Alcoa Point Comfort facility monitoring, maintaining, draining and clearing tanks and blinds. At the time of the Incident, Palacios was also working at the facility on tanks and/or providing services to Alcoa. Upon information and belief, Palacios was assigned the task of ensuring the tank was isolated, drained, clear of all hazardous substances, and safe to work on.

## V. CLAIMS FOR RELIEF

5.1 Plaintiffs' damages were proximately caused by the acts or omissions of Defendants Alcoa, Alvarado and Palacios.

## COUNT I
### Negligence Against Defendant Alcoa

5.2 On the occasion in question, Alcoa, by and through its officers, employees, agents, and representatives, committed acts or omissions, which collectively and severally constituted negligence. Furthermore, Alcoa's negligence includes but is not limited to the following acts or omissions:

- a) Failing to provide a workplace free of recognized hazards that are likely to cause death or serious physical harm;

- b) Negligent hiring, training, supervision and retention of its employees, such as Alvarado;

- c) Failure to inspect its premises for hazards, including the tank and/or blind;

- d) Failing to properly isolate and drain the subject tank and/or blind;

- e) Allowing work to be performed on the tank and/or blind with knowledge that they were unsafe;

- f) Failing to clear the tank and/or blind of hazardous substances;

- g) Failure to warn Plaintiff of the dangerous condition;

      h)     Failure to provide safety training;

      i)     Creating and/or allowing a negligent activity to occur causing injury to Plaintiff; and

      j)     Such other and further acts and/or omissions of negligence as may be shown by the evidence at the trial of this cause.

These acts and omissions, taken by themselves or in combination, were a proximate cause of Plaintiff's injuries and damages. Each of the foregoing acts and omissions, singularly or in combination with others, constituted negligence, gross negligence, and/or malice, which were a proximate cause of the injuries and damages which form a basis of this action.

### COUNT II
### Negligence Against Alvarado

5.3    On the occasion in question, Alvarado committed acts or omissions, which collectively and severally constituted negligence. Furthermore, Alvarado's negligence includes but is not limited to the following acts or omissions:

      a)     Failure to inspect its premises for hazards;

      b)     Ordering Turner employees to work on the tank and/or blind without verifying that they were safe to work on;

      c)     Failing to use ordinary care in isolating or draining the tank ;

      d)     Failure to warn of a dangerous condition;

      e)     Negligent supervision;

      f)     Failure to implement safety practices to prevent hazards;

      g)     Failure to exercise the degree of care that a reasonably prudent person would use to avoid harm to workers under similar circumstances to those described herein;

      i)     Creating and/or allowing a negligent activity to occur causing injury to Plaintiff; and

j) Such other and further acts and/or omissions of negligence as may be shown by the evidence at the trial of this cause.

These acts and omissions, taken by themselves or in combination, were a proximate cause of Plaintiff's injuries and damages. Each of the foregoing acts and omissions, singularly or in combination with others, constituted negligence, gross negligence, and/or malice, which were a proximate cause of the injuries and damages which form a basis of this action.

### COUNT III
### Negligence Against Palacios

5.4 On the occasion in question, Palacios, by and through its officers, employees, agents, and representatives, committed acts or omissions, which collectively and severally constituted negligence. Furthermore, Palacio's negligence includes but is not limited to the following acts or omissions:

a) Failing to properly isolate and drain the subject tank and/or blind;

b) Allowing work to be performed on the tank and/or blind with knowledge that they were unsafe and full of hazardous substances;

c) Failing to clear and/or drain the tank and/or blind of hazardous substances;

d) Failure to warn Plaintiff of the dangerous condition;

e) Creating and/or allowing a negligent activity to occur causing injury to Plaintiff; and

f) Such other and further acts and/or omissions of negligence as may be shown by the evidence at the trial of this cause.

These acts and omissions, taken by themselves or in combination, were a proximate cause of Plaintiff's injuries and damages. Each of the foregoing acts and omissions, singularly or in combination with others, constituted negligence, gross negligence, and/or malice, which were a proximate cause of the injuries and damages which form a basis of this action.

## VI. RESPONDEAT SUPERIOR

6.1 Alcoa is vicariously liable for the damages proximately caused to Plaintiff by virtue of the negligent conduct of its employees, agents or others, including Alvarado. At the time of the explosion, Defendants had employees and/or agents, includign Alvarado, who were acting within the course and scope of their employemnet with Alcoa and were negligent. The negligence of those employees and/or agents, including Alvarado, was a proximate cause of Plaintiff's injuries and damages. Therefore, Alcoa is vicariously liable to Plaintiff for the negligent acts and/or omissions of its employees and/or agents including Alvarado, on the basis of *Respondeat Superior*.

## VII. PLAINTIFF'S DAMAGES

7.1 As a result of the incident in question, Plaintiff has incurred personal injuries, mental anguish, physical pain and suffering, medical expenses, disfigurement, lost earning capacity, and physical impairment. Furthermore, Plaintiff will in all reasonable likelihood continue in the future, to incur damages for mental anguish, lost earning capacity, physical pain and suffering, medical expenses, disfigurement, and physical impairment. Plaintiff is entitled to all elements of damages recoverable under Texas law including, but not limited to, mental anguish, exemplary damages, costs of court, lawful pre-judgment interest, lawful post-judgment interest, medical care, lost earnings capacity, and physical impairment. Plaintiff's damages are in excess of the minimum jurisdictional limits of this Court.

## VIII. JURY DEMAND

8.1 Plaintiff hereby asserts his right under the Texas Constitution and demands a trial by jury and herewith tenders the appropriate fee.

## VI. RESPONDEAT SUPERIOR

6.1 Alcoa is vicariously liable for the damages proximately caused to Plaintiff by virtue of the negligent conduct of its employees, agents or others, including Alvarado. At the time of the explosion, Defendants had employees and/or agents, includign Alvarado, who were acting within the course and scope of their employemnet with Alcoa and were negligent. The negligence of those employees and/or agents, including Alvarado, was a proximate cause of Plaintiff's injuries and damages. Therefore, Alcoa is vicariously liable to Plaintiff for the negligent acts and/or omissions of its employees and/or agents including Alvarado, on the basis of *Respondeat Superior*.

## VII. PLAINTIFF'S DAMAGES

7.1 As a result of the incident in question, Plaintiff has incurred personal injuries, mental anguish, physical pain and suffering, medical expenses, disfigurement, lost earning capacity, and physical impairment. Furthermore, Plaintiff will in all reasonable likelihood continue in the future, to incur damages for mental anguish, lost earning capacity, physical pain and suffering, medical expenses, disfigurement, and physical impairment. Plaintiff is entitled to all elements of damages recoverable under Texas law including, but not limited to, mental anguish, exemplary damages, costs of court, lawful pre-judgment interest, lawful post-judgment interest, medical care, lost earnings capacity, and physical impairment. Plaintiff's damages are in excess of the minimum jurisdictional limits of this Court.

## VIII. JURY DEMAND

8.1 Plaintiff hereby asserts his right under the Texas Constitution and demands a trial by jury and herewith tenders the appropriate fee.

## IX. REQUEST FOR DISCLOSURES

9.1.    Under Texas Rule of Civil Procedure 194, Plaintiff requests that Defendants disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

## X. RIGHT TO AMEND

10.1    These allegations against Defendants are made acknowledging that this lawsuit is still in investigation and discovery. As further investigation and discovery are conducted, additional facts will likely be uncovered that may and probably will necessitate further, additional, and/or different allegations, including the potential of adding and/or dismissing parties to the case. The right to do so, under Texas law, is expressly reserved.

## XI. REQUEST FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff Oscar Cumpian prays that Defendants Alcoa World Alumina LLC, Stephen Alvarado and Palacios Marine & Industrial Coatings, Inc.( be cited to appear and answer herein and that after trial, Plaintiff recover the following:

a.   actual and special damages;

b.   exemplary damages;

c.   pre-judgment and post-judgment interest;

d.   costs of court; and

e.   such other and further relief, legal or equitable, to which Plaintiff is justly entitled.

Respectfully submitted,

**LUBEL VOYLES LLP**


By: /s/ Adam Q. Voyles
    Adam Q. Voyles
    Texas State Bar No.: 24003121
    McKenna Harper
    Texas State Bar No.:
    5020 Montrose Blvd., Suite 800
    Houston, Texas 77006
    Telephone No.: (713) 284-5200
    Facsimile No.: (713) 284-5250
    Email: adam@lubelvoyles.com
          mckenna@lubelvoyles.com

    Rex L. Easley, Jr.
    Texas State Bar No.: 06358425
    **Cole, Easley, Sciba & Williams, P.C.**
    302 W. Forrest
    Victoria, Texas 77901
    Telephone No.: (361) 575-0551
    Facsimile No.: (361)575-0986
    Email: easley@colefirmservice.com

    **ATTORNEYS FOR PLAINTIFF**

**CLERK'S CERTIFICATE**
The above is a true and correct copy of the Original Order on file in said cause.

Pamela Martin Hargrove
District Clerk, Calhoun County, Texas
by _____ deputy
10-21-2015

# CIVIL CASE INFORMATION SHEET (Rev. 2)

**CAUSE NUMBER (FOR CLERK USE ONLY):** 15-10-2541  **COURT (FOR CLERK USE ONLY):** 24th

**STYLED:** Oscar Cumpian v. Alcoa World Alumina, L.L.C., Stephen Alvarado and Palacios Marine & Industrial Coatings, Inc.
*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

## 1. Contact information for person completing case information sheet:

| | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| **Name:** Adam Q. Voyles | **Email:** adam@lubelvoyles.com | **Plaintiff(s)/Petitioner(s):** Oscar Cumpian | ☒ Attorney for Plaintiff/Petitioner<br>☐ Pro Se Plaintiff/Petitioner<br>☐ Title IV-D Agency<br>☐ Other: |
| **Address:** 5020 Montrose Blvd., Suite 800 | **Telephone:** (713) 284-5200 | | **Additional Parties in Child Support Case:** |
| **City/State/Zip:** Houston, Texas 77006 | **Fax:** (713) 284-5250 | **Defendant(s)/Respondent(s):** Alcoa World Alumina, L.L.C.<br>Stephen Alvarado<br>Palacios Marine & Industrial Coatings, Inc. | **Custodial Parent:**<br><br>**Non-Custodial Parent:**<br><br>**Presumed Father:** |
| **Signature:** | **State Bar No:** 24003121 | | |

*[Attach additional page as necessary to list all parties]*

## 2. Indicate case type, or identify the most important issue in the case (select only 1):

### Civil

**Contract**
- Debt/Contract
  - ☐ Consumer/DTPA
  - ☐ Debt/Contract
  - ☐ Fraud/Misrepresentation
  - ☐ Other Debt/Contract
- Foreclosure
  - ☐ Home Equity—Expedited
  - ☐ Other Foreclosure
- ☐ Franchise
- ☐ Insurance
- ☐ Landlord/Tenant
- ☐ Non-Competition
- ☐ Partnership
- ☐ Other Contract:

**Injury or Damage**
- ☐ Assault/Battery
- ☐ Construction
- ☐ Defamation
- Malpractice
  - ☐ Accounting
  - ☐ Legal
  - ☐ Medical
  - ☐ Other Professional Liability:
- ☐ Motor Vehicle Accident
- ☒ Premises
- Product Liability
  - ☐ Asbestos/Silica
  - ☐ Other Product Liability List Product:
- ☒ Other Injury or Damage:

**Real Property**
- ☐ Eminent Domain/Condemnation
- ☐ Partition
- ☐ Quiet Title
- ☐ Trespass to Try Title
- ☐ Other Property:

**Related to Criminal Matters**
- ☐ Expunction
- ☐ Judgment Nisi
- ☐ Non-Disclosure
- ☐ Seizure/Forfeiture
- ☐ Writ of Habeas Corpus—Pre-indictment
- ☐ Other:

**Employment**
- ☐ Discrimination
- ☐ Retaliation
- ☐ Termination
- ☐ Workers' Compensation
- ☐ Other Employment:

**Other Civil**
- ☐ Administrative Appeal
- ☐ Antitrust/Unfair Competition
- ☐ Code Violations
- ☐ Foreign Judgment
- ☐ Intellectual Property
- ☐ Lawyer Discipline
- ☐ Perpetuate Testimony
- ☐ Securities/Stock
- ☐ Tortious Interference
- ☐ Other:

### Family Law

**Marriage Relationship**
- ☐ Annulment
- ☐ Declare Marriage Void
- Divorce
  - ☒ With Children
  - ☐ No Children

**Other Family Law**
- ☐ Enforce Foreign Judgment
- ☐ Habeas Corpus
- ☐ Name Change
- ☐ Protective Order
- ☐ Removal of Disabilities of Minority
- ☐ Other:

**Post-judgment Actions (non-Title IV-D)**
- ☐ Enforcement
- ☐ Modification—Custody
- ☐ Modification—Other

**Title IV-D**
- ☐ Enforcement/Modification
- ☐ Paternity
- ☐ Reciprocals (UIFSA)
- ☐ Support Order

**Parent-Child Relationship**
- ☐ Adoption/Adoption with Termination
- ☐ Child Protection
- ☐ Child Support
- ☐ Custody or Visitation
- ☐ Gestational Parenting
- ☐ Grandparent Access
- ☐ Parentage/Paternity
- ☐ Termination of Parental Rights
- ☐ Other Parent-Child:

**Tax**
- ☐ Tax Appraisal
- ☐ Tax Delinquency
- ☐ Other Tax

### Probate & Mental Health

Probate/Wills/Intestate Administration
- ☐ Dependent Administration
- ☐ Independent Administration
- ☐ Other Estate Proceedings

- ☐ Guardianship—Adult
- ☐ Guardianship—Minor
- ☐ Mental Health
- ☐ Other:

## 3. Indicate procedure or remedy, if applicable (may select more than 1):

- ☐ Appeal from Municipal or Justice Court
- ☐ Arbitration-related
- ☐ Attachment
- ☐ Bill of Review
- ☐ Certiorari
- ☐ Class Action
- ☒ Declaratory Judgment
- ☐ Garnishment
- ☐ Interpleader
- ☐ License
- ☐ Mandamus
- ☒ Post-judgment
- ☒ Prejudgment Remedy
- ☐ Protective Order
- ☐ Receiver
- ☐ Sequestration
- ☐ Temporary Restraining Order/Injunction
- ☐ Turnover

## 4. Indicate damages sought (do not select if it is a family law case):

- ☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
- ☐ Less than $100,000 and non-monetary relief
- ☐ Over $100,000 but not more than $200,000
- ☐ Over $200,000 but not more than $1,000,000
- ☒ Over $1,000,000

**CLERK'S CERTIFICATE**
The above is a true and correct copy of the Original Order on file in said cause.

Pamela Martin Hargrove
District Clerk, Calhoun County, Texas
by _Yttera Garcia_ deputy
10-21-2015